UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT LEE ANDREWS, JR.,

    Plaintiff,

v.

JOAN E. WHITTAKER of the Irvington Public Library,

    Defendant.

Civil Action No. 13-4812 (ES) (JAD)

OPINION

**JOSEPH A DICKSON, U.S.M.J.**

    This matter comes before the Court upon application by *pro se* Plaintiff Robert Lee Andrews ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the Plaintiff's submissions, and based upon the following, it is the finding of the Court that Plaintiff's application is **denied**.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

    On or about August 12, 2013, Plaintiff filed suit against his alleged employer, defendant Joan E. Whittaker of the Irvington Public Library ("Defendant"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (ECF No. 1). Plaintiff, a security officer at the Irvington Public Library, alleges that in September of 2012 Defendant asked whether he could work every other Saturday. (Id.). Plaintiff allegedly explained that he was unable to do so due to obligations related to the care of his disabled daughter. (Id.). Shortly thereafter, Plaintiff alleges that his employment relationship with the

Irvington Public Library was terminated without explanation. (Id.). Plaintiff alleges that the termination constituted discrimination "on the basis of sex (male) and unlawful retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII)." (See Ex. 1 to Pl. Compl., ECF No. 1-1).

Plaintiff filed the instant application for *pro bono* counsel with his Complaint on August 12, 2013, citing his indigent status. This Court subsequently granted Plaintiff's application to proceed *in forma pauperis* on September 16, 2013.

## II.    LEGAL STANDARD

Civil litigants possess neither a constitutional nor statutory right to appointed counsel. E.g., Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). However, district courts are granted broad discretion to request the appointment of attorneys to represent indigent civil litigants, and may appoint counsel *sua sponte* at any point in litigation. 28 U.S.C. § 1915(d), (e)(1). When determining whether appointment of *pro bono* counsel is warranted, courts must follow the framework established in Tabron v. Grace, 6 F.3d 147, 155, 158 (3d Cir. 1993). As a threshold matter, the Court must first determine that the plaintiff's claim has "arguable merit in fact and law." Id. at 155. If the claim has merit, the Court must then consider the other Tabron factors, namely whether: (1) the *pro se* party lacks the ability to present an effective case without an attorney; (2) the legal issues are complex, or, if the ultimate legal issues are not complex, the *pro se* party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs; (3) factual investigation will be necessary and the *pro se* party is not adequately able to pursue said investigation; (4) the case is likely to turn on credibility determinations; (5) the case will require expert testimony; and (6) the

*pro se* party is unable to attain and afford counsel on his/her own behalf. Id. at 155-56. "[C]ourts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Parham, 126 F.3d at 458.

### III. DISCUSSION

As an initial matter, this Court must first determine whether Plaintiff's Complaint is meritorious. In considering whether a *pro se* plaintiff's complaint is meritorious, courts traditionally give "greater leeway where they have not followed the technical rules of pleading and procedure." Tabron, 6 F.3d at 154. Here, the District Court has granted Plaintiff's application to proceed *in forma pauperis* and allowed his claims to proceed past *sua sponte* dismissal. (See September 16, 2013, Order, ECF No. 4). Thus, for the purposes of this Opinion only, the Court finds that Plaintiff's claims arguably have some merit. However, after consideration of the factors set forth in Tabron, the Court finds that Plaintiff is not entitled to appointed counsel at this time.

First, the Court must consider whether Plaintiff is capable of presenting his own case. A plaintiff's ability to present his own case is the most significant of the six Tabron factors. E.g., Bondarenko v. Hackensack Univ. Med. Ctr., 2009 U.S. Dist. LEXIS 80579, at *2 (D.N.J. Sept. 4, 2009). In making this determination, "plaintiff's education, literacy, prior work experience, and prior litigation experience" may be considered. Tabron, 6 F.3d at 156. Plaintiff's access to resources, such as a computer or telephone, should also be considered. See Parham, 126 F.3d at 459. In the instant matter, Plaintiff has adequately articulated the factual circumstances surrounding the alleged employment discrimination that forms the basis of his Complaint, and has filed his Complaint and IFP application on his own behalf in an articulate and comprehensive

manner. Plaintiff has not indicated that he needed assistance to perform these tasks or lacks access to a computer or typewriter, and it appears that Plaintiff has the ability to effectively present his case without an attorney. Plaintiff has not provided any information regarding his education level or prior litigation experience. After considering all of the above, the Court must conclude that this factor weighs against Plaintiff.

Next, the Court must consider the complexity of the particular issues involved. See Tabron, 6 F.3d at 156. The Third Circuit has explained that "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Id. Here, Plaintiff presents a routine employment discrimination case. The factual circumstances underlying Plaintiff's complaint are easily understood and, at this stage of the litigation, there is nothing that suggests discovery or presentation of the case will be difficult or complex. See Growalt v. Stop & Shop Supermarket Co., LLC, 2011 U.S. Dist. LEXIS 132074, at *2 (D.N.J. Nov. 15, 2011). Consequently, the second Tabron factor also weighs against Plaintiff.

The third Tabron factor concerns the degree to which factual investigation will be necessary, and the *pro se* litigant's ability to pursue that investigation. Tabron, 6 F.3d at 156. Plaintiff has provided no evidence showing that he is unable to undertake the necessary factual investigation in this matter. Plaintiff was a party to the transactions and occurrences from which his claims arise, and is therefore familiar with the facts of this case. See Gonzalez v. Passaic Cnty. Prob., 2005 U.S. Dist. LEXIS 18890, at *7 (D.N.J. Aug. 24, 2010). Accordingly, the third Tabron factor weighs against Plaintiff.

Next, the Court considers whether the case will turn on credibility determinations. In this regard, the Court should consider whether the case will essentially amount to a "swearing contest." Parham, 126 F.3d at 460. It is not clear at this early stage of litigation whether this matter will become a swearing contest, however, at this point the Court finds that it will not. Plaintiff alleges that his employment was terminated in retaliation for his inability to work Saturdays. Hence, it does not appear that there will be any question whether the termination occurred or whether defendant was responsible for the allegations in Plaintiff's complaint. Rather, the primary issue will likely be the motivation behind the defendant's actions and whether the termination violated Plaintiff's rights. Therefore, the fourth factor weighs against Plaintiff.

The fifth Tabron factor asks whether the case will require expert testimony. There is no indication at this stage of litigation that such testimony will be necessary, and therefore this factor also weighs against Plaintiff.

Finally, although the Court notes that Plaintiff is indigent and alleges that he is unable to attain or afford counsel, this factor without satisfaction of any other Tabron factors is not enough to warrant the appointment of counsel. See Thrower v. New Jersey Department of Corrections, 2007 WL 3376717, *4 (D.N.J. Nov. 7, 2007). Thus, the Court finds, after collectively considering the aforementioned factors, that appointment of counsel is not warranted at this juncture. The Court notes, however, that pursuant to the authority granted by 28 U.S.C. § 1915(d), the Court retains the discretion to appoint counsel at any point in the litigation *sua sponte*.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's application is **denied**. An appropriate Order accompanies this Opinion.

                                                            Joseph A. Dickson, U.S.M.J.

cc.    Honorable Esther Salas, U.S.D.J.