UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chambers of<br>Michael A. Hammer<br>United States Magistrate Judge | Martin Luther King, Jr. Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street, Room 2042<br>Newark, NJ 07102<br>(973) 776-7858 |

September 14, 2015

**LETTER OPINION & ORDER**

Re:   <u>Andrews v. Whittaker</u>
       Civil Action No.: 13-4812 (ES)

Dear Litigants:

     Presently before the Court is Plaintiff's Application for <u>Pro</u> <u>Bono</u> Counsel under 28 U.S.C § 1915(e)(1). <u>See</u> App. for <u>Pro</u> <u>Bono</u> Counsel, June 17, 2015, D.E. 30. For the reasons set forth below, Plaintiff's request is denied.

**Background**

     On August 12, 2013, Plaintiff filed suit against his former employer, Defendant Joan E. Whittaker ("Defendant"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). <u>See</u> Compl., Aug. 12, 2013, D.E. 1.  Plaintiff, who was a security officer at the Irvington Public Library, alleges that in September of 2012, Defendant asked whether he could work every other Saturday. <u>Id.</u> at 3. Plaintiff allegedly explained that he was unable to do so due because of obligations related to the care of his disabled daughter. <u>Id.</u> Shortly thereafter, Plaintiff alleges that, without explanation, Defendant terminated his employment. <u>Id.</u> Plaintiff further claims that his termination constituted discrimination "on the basis of [his] sex (male) and unlawful retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended." <u>See</u> Exh. 1 to Compl., Aug. 12, 2013, D.E. 1-1.

     Plaintiff initially filed an application for pro bono counsel with his Complaint on August. <u>See</u> App. for <u>Pro</u> <u>Bono</u> Counsel., Aug. 12, 2013, D.E. 2. On September 23, 2013, the Court denied Plaintiff's application without prejudice after deciding that Plaintiff had not met the required factors under <u>Tabron v. Grace</u>. <u>See</u> 6 F.3d 147, 153 (3d Cir. 1993); <u>see also</u> Opinion, Sept. 23, 2013, D.E. 6.

## Discussion

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel.  See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e).  See Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)).  Appointment of counsel may be made at any point in the litigation, including sua sponte by the Court. Montgomery, 294 F.3d at 498.

In the Third Circuit, the Court considers the framework established in Tabron v. Grace. Id. at 498–99.  Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law." Id. at 499 (citing Tabron 6 F.3d at 155.)  If the applicant's claim has some merit, the Court considers the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses;
(6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457–58 (citing Tabron, 6 F.3d at 155–56, 157 n.5).  This list is not exhaustive, but provides a guidepost for the Court.  Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 457).  A court's decision to appoint counsel "must be made on a case-by-case basis."  Tabron, 6 F.3d at 157–58.  In addition, the Court of Appeals for the Third Circuit has stated that courts should "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  Montgomery, 294 F.3d at 499.  Here, for the purposes of deciding this motion, the Court assumes that Plaintiff's claims have merit. However, upon consideration of Plaintiff's submission, the Court concludes that appointment of counsel is unwarranted at this time.

First, Plaintiff seems able to present his case.  When considering a party's ability to present his or her case, courts generally analyze a party's "education, literacy, prior work experience, and prior litigation experience." Tabron, 6 F.3d at 156.  Here, while Plaintiff has not indicated his educational background, or his prior litigation experience.  A review of Plaintiff's submissions to the Court, however, indicate that he can present the essential facts of his case.  For example, Plaintiff adequately articulated the factual circumstances surrounding the alleged employment discrimination that forms the basis of his Complaint.  See generally Compl., Aug. 12, 2013, D.E. 1.  Indeed, Plaintiff provided certain dates and facts that may be relevant to his discrimination claim.  After considering all the above, the Court concludes that this factor weighs against the Plaintiff.

Second, Plaintiff's claims do not involve complex legal issues. The Third Circuit has explained that, "where the law is not clear, it will often best serve the ends of justice to have both

2

sides of a legal issue presented by those trained in legal analysis." Tabron 6 F.3d at 156.  Here, Plaintiff presents a standard employment discrimination case. The factual circumstances of the Complaint are straightforward, and Plaintiff has made no indication either in the Complaint, or in his Joint Discovery Plan, that discovery or presentation of this case will be particularly difficult or complex.  See Bondarenko v. Hackensack Univ. Med. Ctr., No. 07-3753, 2009 WL 2905373, at *3 (D.N.J. Sept. 4, 2009) (denying pro bono counsel after concluding that "plaintiff's factual claims are easy to understand, and the legal issues involved are straightforward."). Thus, the second Tabron factor weighs against the Plaintiff.

Third, "where claims are likely to require extensive discovery and compliance with discovery rules, appointment of counsel may be warranted." Tabron 6 F.3d at 156 (citing Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992).  Here, however, there is no indication that Plaintiff lacks the ability to conduct a factual investigation without the assistance of counsel. The claims appear to involve a dispute concerning Plaintiff's alleged wrongful termination.  In other words, the scope of this case concerns a narrow set of facts, which Plaintiff knows about since these facts form the basis of his Complaint. For this reason, the third Tabron factor weighs against the Plaintiff.

Fourth, the Court considers whether a case will turn on credibility determinations in the appointment of counsel since "it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross examination." Abulkhair v. U.S. Postal Serv., No. 13-7796, 2014 WL 1607379, at *4 (D.N.J. Apr. 22, 2014). Because most cases will turn on credibility determinations, the Third Circuit requires that courts decide whether "the case is solely a swearing contest."  Montgomery, 294 F.3d. 492, 505 (3d Cir. 2002) (citing Parham, 126 F.3d at 460).  Plaintiff in this case alleges that Defendant terminated him because of his gender, and for his inability to work on certain Saturdays.  Still, because this case is still early, it is possible that this case turns on credibility determinations.  As a result, this factor weighs neither for nor against the appointment of counsel.  See, e.g., Thrower v. New Jersey Dep't of Corr., No. 07-3434, 2007 WL 3376717, *4 (D.N.J. Nov. 7, 2007) (concluding the fourth Tabron factor was neutral where even though case would involve "conflicting statements over relevant facts" because it was "not yet apparent whether this case will be a swearing contest.").

The fifth factor is whether the case will require expert testimony. Although, in his application for pro bono counsel, Plaintiff asserts, "expert testimony may be required," he does not explain why an expert would be necessary here.  Again, this appears to be an employment discrimination claim with a narrow set of important facts and dates at issue.  As a result, and in the absence of contrary proof, the Court is not convinced that expert testimony will be necessary at this stage of litigation. Therefore, this Tabron factor weighs against the Plaintiff.

Finally, the Court notes that the Plaintiff is indigent and is unable to afford or attain counsel. This factor weighs for the Plaintiff, although without satisfaction of any other Tabron factorsm, this alone is not enough to warrant the appointment of counsel. See Thrower v. New Jersey Dep't of Corr., No. 07-3434, 2007 WL 3376717, *4 (D.N.J. Nov. 7, 2007) ("Although indigence is a prerequisite for appointment of counsel, it does not alone warrant the appointment of counsel without satisfying the other Tabron factors.").

## Conclusion

For the reasons set forth above, the Court denies Plaintiff's application for pro bono counsel.

So Ordered,

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**