**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ROBERT LEE ANDREWS, JR.,

Plaintiff,

v.

JOAN E. WHITTAKER

Defendant.

Civil Action No. 13-4812 (ES) (MAH)

OPINION

**SALAS, DISTRICT JUDGE**

Before the Court is Defendant Joan E. Whittaker's ("Defendant") unopposed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (D.E. No. 70). The Court has subject-matter jurisdiction under 28 U.S.C. § 1331. The Court has considered the relevant submissions,[1] and decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, Defendant's motion is GRANTED.

**I.     Background[2]**

Plaintiff Robert Lee Andrews, Jr. ("Plaintiff") was employed by the Irvington Public Library as a security officer since September 2, 2002. (SMF ¶ 1). Plaintiff was one of two security guards employed by the Irvington Public Library; the second was a female security guard. (*Id.* ¶¶

---

[1]     (D.E. No. 1, Complaint ("Compl."); D.E. No. 70-1, Defendant's Brief In Support of Motion for Summary Judgment ("Def. Br."); D.E. No. 70-2, Statement of Undisputed Material Facts Pursuant to Fed. R. Civ. P. 56 ("SMF"); D.E. No. 70-3, Certification of Counsel in Support of Motion for Summary Judgment ("D'Aquanni Certification")).

[2]     The Court derives the factual background from the Complaint and Defendant's Statement of Material Facts Pursuant to Local Civil Rule 56.1. *See* L. Civ. R. 56.1 (providing that "any material fact not disputed shall be deemed undisputed for the purposes of the summary judgment"); *Ruth v. Selective Ins. Co. of Am.*, No. 15-2616, 2017 WL 592146, at *3 (D.N.J. Feb. 14, 2017) ("[A] movant who files a proper Local Civil Rule 56.1 statement of undisputed material facts . . . receives the benefit of the assumption that such facts are admitted for purposes of the summary judgment motion.").

- 1 -

7 & 12).

On or about September 11, 2012, during a meeting involving Plaintiff, Defendant, and several other individuals, Plaintiff's employer requested that Plaintiff work every other Saturday. (*Id.* ¶ 3; Compl. ¶¶ 5 & 9; D'Aquanni Certification, Ex. 1 ("Andrews Dep.") 26:1–16). Plaintiff explained that he was unable to do so because of obligations related to the care of his disabled daughter. (SMF ¶ 3). Plaintiff alleges that he was terminated shortly thereafter for "sticking up for myself." (*Id.* ¶ 4).

At his deposition, Plaintiff testified that he was represented by a Union Representative during this meeting. (*Id.* ¶ 6 (citing Andrews Dep. 25:17–25 & 26:1–20)). He also testified that the female security guard agreed to work on Saturdays, but was also laid off. (Andrews Dep. 42:24–25 & 43:1–6). Plaintiff was told that he would be laid off effective December 7, 2012, because his security guard position was being terminated. (*See* SMF ¶ 8; Andrews Dep. 28:11–25, 29:1–4 & 30:1–3; *see also* Compl. ¶ 9 ("Employer stated layoff was scheduled for Dec. 7")). Particularly, the New Jersey Civil Service Commission ("CSC") approved a layoff plan in which the Irvington Public Library Board laid off all of its security guards (two, including Plaintiff), and hired a more cost-effective outside contractor to handle its security needs. (SMF ¶ 7; *see also* D'Aquanni Certification, Exs. 2–4).

As part of this layoff plan, Plaintiff was offered a severance agreement during the meeting, as well as at a later date, but Plaintiff declined to execute it. (SMF ¶ 9; Andrews Dep. 30:7–11 & 21–22; D'Aquanni Certification, Ex. 5). Additionally, on or about November 21, 2012, the CSC mailed Plaintiff a letter again confirming that his position was being laid off effective December 7, 2012. (D'Aquanni Certification, Ex. 4). This letter states that Plaintiff "may appeal whether the appointing authority acted in good faith in instituting this layoff plan" and "may also appeal

the determination of your layoff rights or seniority." (*Id.* at 1–2). Plaintiff testified that he did not appeal the decision. (Andrews Dep. 41:22–24).

Sometime after being laid off, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Charge alleging retaliatory action and discrimination based on sex. (Compl. ¶ 6; D.E. No. 1-1).[3] On May 20, 2013, Plaintiff received an EEOC Right to Sue letter. (Compl. ¶ 8). On August 12, 2013, Plaintiff filed the instant suit against Defendant, the director of the Irvington Public Library. (*See* Compl.; D'Aquanni Certification, Ex. 3). Plaintiff testified that he sued only Defendant because "she's responsible for [all] operations of the library." (Andrews Dep. 42:7–13). Interpreting Plaintiff's Complaint broadly, he brings a generalized claim of retaliation[4] in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (*See generally* Compl.).

## II.    Standard of Review

Where, as here, a summary-judgment motion is unopposed, Federal Rule of Civil Procedure 56(e)(3) still requires the Court to determine whether that summary judgment is proper. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). Federal Rule of Civil Procedure 56(a) provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" such that the movant is

---

[3] It is unclear when Plaintiff filed the EEOC Charge. Although the Charge is dated September 12, 2012, Plaintiff testified that this was not the date he signed and filed the form. (*See* Andrews Dep. 36:16–25; 37:1–13 (explaining that this was a mistake, as he thought the "Date" line was where he needed to indicate when the alleged retaliatory action occurred)). Additionally, the form contains a stamp indicating that it was received by the EEOC Newark office on April 22, 2013. (*See* D.E. No. 1-1). In any event, the exact date Plaintiff filed the Charge has no bearing on the Court's decision.

[4] Unlike the EEOC Charge, which alleged retaliatory action and discrimination based on sex, the instant case alleges retaliation for "sticking up for myself" in connection with the refusal to work on Saturdays. (SMF ¶ 4). Plaintiff testified that the EEOC allegation of sex discrimination "was a mistake" and that he was not claiming he was discriminated against because of his sex. (Andrews Dep. 37:16–25). Rather, he testified that he was terminated in retaliation for refusing to work on specific days. (*Id.* 38:1–17).

"entitled to judgment as a matter of law." "A 'genuine' dispute of 'material' fact exists where a reasonable jury's review of the evidence could result in 'a verdict for the non-moving party' or where such fact might otherwise affect the disposition of the litigation." *Ruth v. Selective Ins. Co. of Am.*, No. 15-2616, 2017 WL 592146, at *2 (D.N.J. Feb. 14, 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When a party submits a properly filed and supported summary-judgment motion that goes unopposed, "it would be an exceptional case where the court concludes that summary judgment should nonetheless be denied or withheld, although the Court has discretion to do so if unsatisfied that the law and facts point to judgment as a matter of law." *Id.* at *3.

### III. Discussion

Defendant argues that the Court must grant summary judgment because individual employees are not liable under Title VII. (Def. Br. at 7–8). Because the Court agrees and finds this issue dispositive to Plaintiff's case, the Court does not reach Defendant's other arguments.

Title VII imposed obligations, and liability for violating those obligations, on employers. *See* 42 U.S.C. § 2000e-3(a) (making it unlawful for an "employer" to retaliate against an employee who engages in protected employee activity); *id.* § 2000e–2(a) (making it unlawful for an "employer" to discriminate against an employee because of the employee's race, color, religion, sex, or national origin). The statute defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." *Id.* § 2000e(b). In interpreting this language, the Third Circuit Court of Appeals "joined the majority of other circuits in concluding" that individual employees are not liable under Title VII. *Kachmar v. Sungard Data Systems, Inc.*, 109 F.3d 173, 184 (3d Cir. 1997); *Tai Van Le v. Univ. of Pa.*, 321 F.3d 403, 408 n.3 (3d Cir. 2003) ("Congress did not intend to hold individual employees liable

under Title VII.") (quoting *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996)).

Here, Plaintiff brought this action only against Defendant; he did not name or raise any claims against the Irvington Public Library or any other party. (*See generally* Compl.). Plaintiff sued Defendant because "she's responsible for [all] operations of the library." (*See* Andrews Dep. 42:12–13). However, Defendant was not Plaintiff's employer, but rather, as the director of the Irvington Public Library she is actually another employee with supervisory authority over Plaintiff. Because Title VII does not impose liability on individual employees, even if that employee is a supervisor, Plaintiff's claim cannot proceed. *See Le*, 321 F.3d at 408 n.3 ("Under this relationship, liability cannot exist pursuant to Title VII."); *Kachmar*, 109 F.3d at 183–84; *Sheridan*, 100 F.3d at 1078. Consequently, the Court grant's Defendant's motion for summary judgment.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**